IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Curtis R. Hill,<br>aka Curtis Rena Hill,<br><br>      Plaintiff,<br><br>vs.<br><br>Robert Stevenson, Warden of Broad<br>River Correctional Institution, et al.,<br><br>      Defendants. | Civil Action No. 6:10-2646-HMH-KFM<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. 25) and the plaintiff's motions to compel, to amend, and for a temporary restraining order (docs. 29, 34, 36). The plaintiff, a state prisoner proceeding *pro se*, filed his complaint seeking relief pursuant to Title 42, United States Code, Section 1983. He alleges the defendants were deliberately indifferent to his serious medical needs.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On February 14, 2011, defendants Stevenson and McCullough[1] moved for summary judgment. By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.

---

[1] As will be discussed below, defendant Marie A. Sherman has not been served with the summons and complaint.

The plaintiff filed his response in opposition on February 23, 2011. The defendants filed a reply on March 7, 2011, and the plaintiff filed a sur-reply on March 14, 2011.

## FACTS PRESENTED

The plaintiff is currently incarcerated within the South Carolina Department of Corrections ("SCDC") at Kershaw Correctional Institution. He alleges that he was denied adequate medical attention on March 29, 2009, at Broad River Correctional Institution ("BRCI"). Specifically, the plaintiff asserts that he was seen at Sick Call at BRCI by Nurses McCullough and Sherman for a complaint that he was unable to urinate and/or that he was urinating blood. Furthermore, the plaintiff alleges that he should have been sent outside of BRCI for medical attention after communicating his complaints on March 29, 2009. The plaintiff then alleges that his "gallbladder" was removed after he arrived at Evans Correctional Institution ("ECI") and that this was related to the March 29, 2009, Sick Call encounter (comp. at 3-4).

A review of the plaintiff's medical records shows that he attended Sick Call at BRCI on March 29, 2009, for complaints of urinary problems. He was seen by defendant McCullough, a Licensed Practical Nurse employed by the SCDC. No tenderness, swelling, or active bleeding was noted. What appeared to be dried blood was noted on the right side of the plaintiff's briefs. The plaintiff was given a strainer and Motrin for pain and told to increase his water intake (McCullough aff., ex. A at p. 48).

Between March 29, 2009, and January 13, 2010, when he was transferred to ECI, the plaintiff was seen numerous times by the medical and mental health staff at BRCI. However, the plaintiff did not present complaints of urinary problems, similar to those he presented on March 29, 2009, again during his incarceration at BRCI. Additionally, defendant McCullough testified that the plaintiff never presented to medical or Sick Call with

2

any symptoms that a medical professional would relate to gallstones or gallbladder disease during his incarceration at BRCI (*id.* ¶¶ 7, 11).

On January 13, 2010, the plaintiff was transferred to ECI. The plaintiff's medical records show that on April 16 and 17, 2010, while housed at ECI, the plaintiff presented to the ECI medical staff with symptoms that were diagnosed as related to his gallbladder. At that time, the plaintiff was sent by the ECI medical staff to the hospital, where his gallbladder was removed (*id.*, ex. A at pp. 21-23). Defendant McCullough does not provide nursing services at ECI, and she did not provide nursing care for the plaintiff after January 13, 2010 (*id.* ¶ 8).

According to the affidavit of Ann Hallman, Inmate Grievance Administrator for the SCDC, the plaintiff did not file a Step 1 or Step 2 grievance regarding the allegations in the instant case (Hallman aff. ¶ 15).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical

4

treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Miltier v. Beorn*, 896 F.2d 848, 851-52 (4th Cir. 1990) (citation omitted). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id.* Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The plaintiff's claim fails on the merits. He can prove neither the objective nor the subjective elements of a deliberate indifference claim. The affidavits and medical records presented by the defendants establish that the plaintiff has received adequate medical and mental health care during his incarceration. While the plaintiff may disagree that his medical diagnosis and treatment have been adequate, this disagreement does not rise to the level of a constitutional question or violation. The plaintiff was treated for painful urination in March 2009, and his gallbladder was removed over a year later. He has shown

5

absolutely no connection between the two events. The plaintiff's March 29, 2009, symptoms indicated possible urinary problems, such as kidney stones. Furthermore, the plaintiff was transferred from BRCI, where Nurse McCullough works, on January 13, 2010, and in the interim between March 29, 2009, and his transfer to ECI, the plaintiff did not present to medical with any complaints or symptoms that indicated to the medical staff potential gallstones or gallbladder disease. Instead, it was some three months after he arrived at ECI, and over a year after the March 29, 2009, Sick Call encounter, that the plaintiff first exhibited symptoms that the medical staff associated with gallstones or gallbladder disease. Once he presented with those symptoms, the ECI medical staff promptly sent him to the hospital, where his gallbladder was removed (McCullough aff. ¶¶ 7-11).

The documents submitted by the plaintiff as exhibits to his opposition to the motion for summary judgment do not create an issue of material fact. The five medical encounters referenced by the plaintiff in the medical summaries occurred approximately one year after the March 29, 2009, medical encounter at issue, and all occurred at ECI. Further, the grievances submitted by the plaintiff deal with an unrelated medical condition that is not the subject of this litigation (pl. resp. m.s.j., ex. A).

The plaintiff's claim against defendant Stevenson, the Warden at BRCI, also fails. The plaintiff has failed to show that Warden Stevenson personally acted or failed to act in violation of his constitutional rights in this regard. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). The plaintiff claims that he wrote Warden Stevenson to complain that he was not receiving proper medical care for his gallbladder, and the warden did not respond. However, the defendants have submitted unrefuted evidence that, while the plaintiff has submitted numerous grievances, none of the grievances related to the allegations presented here. Furthermore, to the extent the plaintiff seeks to hold Warden Stevenson liable in his supervisory capacity, the doctrine of *respondeat superior* generally is inapplicable to

6

Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge*, 550 F.2d at 928-29. The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). The plaintiff has failed to make such a showing here. *See Miltier*, 896 F.2d at 854 (to bring claim alleging denial of medical treatment against non-medical supervisory prison personnel, inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct). Based upon the foregoing, the claim against Warden Stevenson fails.

Defendant Sherman, who was also named as a defendant in the plaintiff's complaint, has not been served in this matter (*see* doc. 18, Summons Returned Unexecuted). Federal Rule of Civil Procedure 4(m) states that a defendant shall be dismissed if service is not accomplished within 120 days after the complaint is filed. The complaint in this case was filed on October 15, 2010, and more than 120 days have passed since that time. Accordingly, defendant Sherman should be dismissed as a defendant.

Based upon the foregoing, the defendants' motion for summary judgment should be granted.

*Motion for Temporary Restraining Order*

On March 9, 2011, the plaintiff filed a motion for a temporary restraining order. In his motion, the plaintiff complains that he is being "picked on by the employees of Kershaw Correctional Institution," and he has been getting his mail late. Accordingly, he

asks to be "shipped to another institution." The plaintiff has failed to satisfy any of the elements[2] necessary for issuance of a temporary restraining order. Furthermore, no employees of Kershaw Correctional Institution are parties to the instant case. Accordingly, the motion (doc. 36) should be denied.

*Motion to Amend*

On March 7, 2011, after his response in opposition to the defendants' motion for summary judgment was filed, the plaintiff filed a motion to amend his complaint. He states in the motion that the defendants were deliberately indifferent to his serious medical needs when they "ignored[d] an obvious and serious danger" (pl. m. to amend at 2). He further complains that he sent a letter to Warden Stevenson telling the warden that he was not getting proper medical attention for his gallbladder issues, but he got no response (*id.*). He asks that he be allowed "to add cruel and unusual punishment to [his] complaint" (*id.* at 3). The proposed amendment covers the same allegations in the plaintiff's original complaint. As discussed above, summary judgment is appropriate on the plaintiff's Eighth Amendment claim. Accordingly, any amendment of the complaint in this regard would be futile. *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2nd Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

The plaintiff further asks that his inmate grievance record and medical record be added to the complaint. This court has reviewed the inmate grievances submitted by the plaintiff, and none of the grievances relate to the medical issue and encounter with the

---

[2]To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.,* 129 S.Ct. 365, 374 (2008). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

8

medical staff alleged in the plaintiff's complaint (*id.*, ex. A). Further, the documents in the medical record submitted by the plaintiff also do not relate to the matter at hand (*id.*, ex. B).

Based upon the foregoing, the plaintiff's motion to amend (doc. 34) is denied.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is

RECOMMENDED that the defendants' motion for summary judgment (doc. 25) be granted. Further, it is

RECOMMENDED that the plaintiff's motion for a temporary restraining order (doc. 36) be denied. Further, it is

ORDERED that the plaintiff's motion to amend (doc. 34) is denied.

Should the district court adopt this court's recommendation, the plaintiff's motion to compel (doc. 29) will be rendered moot.


s/Kevin F. McDonald
United States Magistrate Judge

March 25, 2011

Greenville, South Carolina